IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

WEST LOOP CHIROPRACTIC &
SPORTS INJURY CENTER, LTD.,
on behalf of itself and a class,

        Plaintiff,

vs.

AETNA HEALTH INSURANCE COMPANY,
and CVS HEALTH CORPORATION,

        Defendants.

## COMPLAINT – CLASS ACTION

### INTRODUCTION

1. Plaintiff West Loop Chiropractic & Sports Injury Center, Ltd., brings this action to secure redress for Defendants' practice of remitting payment to medical providers via prepaid debit cards, for which a fee is charged to deposit or use the card, without paying the fee.

### JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §1332(d). As set forth below, Plaintiff is of diverse citizenship to Defendants.

3. The amount in controversy on a classwide basis exceeds $5 million, exclusive of interest and costs.

4. The number of class members exceeds 100.

### PARTIES

5. Plaintiff West Loop Chiropractic & Sports Injury Center, Ltd., is an Illinois corporation with its principal place of business in Chicago.

6. Defendant Aetna Health and Life Insurance Company is a Connecticut corporation

1

with principal offices at 151 Farmington Avenue, Hartford, CT.

7. Defendant CVS Health Corporation is a Delaware corporation with principal offices at One CVS Drive, Woonsocket, Rhode Island 02895. It is the direct or indirect corporate parent of all "Aetna" insurance companies, including Defendant Aetna Health and Life Insurance Company.

## FACTS

8. Plaintiff from time to time performs and bills for services provided to patients insured by Aetna, or for which Aetna administers benefit plans.

9. When Aetna pays Plaintiff it does so by issuing a prepaid card.

10. Plaintiff must process the payment as a credit card payment, resulting in a 3.65% to 4.65% merchant services fee.

11. During the last several years, Plaintiff has repeated requested, orally and in writing, that Aetna pay Plaintiff via check, or reimburse it for the merchant services fee. (Exhibit A)

12. Aetna continues to insist on remitting payment via prepaid cards and has done so within three years prior to filing this action.

13. Aetna asserted that if Plaintiff wanted payment in some other form, it would have to call Aetna and arrange for the form of payment for each payment, which is prohibitively expensive.

14. This unfairly shifts Aetna's cost of doing business to Plaintiff.

15. Plaintiff has not agreed to accept payment via prepaid cards.

## COUNT I – DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES REGARDING CONTRACTS

16. Plaintiff incorporates paragraphs 1-15.

17. Plaintiff contends that Defendants violated their agreements to pay when they agreed to pay $x but sent a prepaid debit card from which only a lesser sum can be obtained.

18. Defendants contend that they have the right to send prepaid debit cards from which only a lesser sum can be obtained.

19. Declaratory and injunctive relief will resolve such controversy.

## CLASS ALLEGATIONS

20. Plaintiff brings this claim on behalf of a class, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(2) and (b)(3).

21. The class consists of (a) all providers (b) who were sent prepaid debit cards for which a fee is charged to deposit or use the cards (c) as payment for their claims by Defendants or their subsidiaries (d) on or after a date five years prior to the filing of this action.

22. Plaintiff may alter the class definition to conform to developments in the case and discovery.

23. On information and belief, there are more than 100 class members, and the class is so numerous that joinder of all members is not practicable.

24. There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members. The predominant common question is whether Defendants have the right to remit payment via prepaid debit cards, for which a fee is charged to deposit or use the card, without paying the fee.

25. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

26. Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class action litigation.

27. Defendants have acted on a uniform basis with respect to the class, making injunctive relief or corresponding declaratory relief appropriate with respect to the class as a whole.

28. A class action is superior for the fair and efficient adjudication of this matter, in that individual actions are not economically feasible.

WHEREFORE, the Court should enter judgment in favor of Plaintiff and the class and against Defendants for:

    i. A declaration that Defendants may not pay a debt by means of a prepaid debit card for which a fee is charged to deposit or use it, unless they also pay the amount of the fee;

    ii. An injunction against payment of debts by Defendant by means of a prepaid debit card for which a fee is charged to deposit or use it, unless they also pay the amount of the fee;

    iii. Actual damages;

    iv. Attorney's fees, litigation expenses and costs of suit;

    v. Such other and further relief as the Court deems proper.

## COUNT II – UNFAIR ACTS AND PRACTICES

29. Plaintiff incorporates paragraphs 1-15.

30. Defendants engaged in unfair acts and practices, in violation of 815 ILCS 505/2, when they agreed to pay $x but sent a prepaid debit card from which only a lesser sum can be obtained.

31. Such conduct is contrary to public policy, oppressive, injurious to medical providers, and unscrupulous.

## CLASS ALLEGATIONS

32. Plaintiff brings this claim on behalf of a class, pursuant to Fed.R.Civ.P. 23(a) and

4

23(b)(2) and (b)(3).

33. The class consists of (a) all providers with Illinois addresses (b) who were sent prepaid debit cards for which a fee is charged to deposit or use the cards (c) as payment for their claims by Defendants or their subsidiaries (d) on or after a date three years prior to the filing of this action.

34. Plaintiff may alter the class definitions to conform to developments in the case and discovery.

35. On information and belief, there are more than 100 members of the class, and the class is so numerous that joinder of all members is not practicable.

36. There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members. The predominant common question is whether Defendants have the right to remit payment via prepaid debit cards, for which a fee is charged to deposit or use the card, without paying the fee.

37. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

38. Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class action litigation.

39. A class action is superior for the fair and efficient adjudication of this matter, in that individual actions are not economically feasible.

WHEREFORE, the Court should enter judgment in favor of Plaintiff and the class and against Defendants for:

> i. A declaration that Defendants may not pay a debt by means of a prepaid debit card for which a fee is charged to deposit or use it,

        unless they also pay the amount of the fee;

    ii.    An injunction against payment of debts by Defendant by means of a prepaid debit card for which a fee is charged to deposit or use it, unless they also pay the amount of the fee;

    iii.    Actual damages;

    iv.    Punitive damages;

    v.    Attorney's fees, litigation expenses and costs of suit;

    vi.    Such other and further relief as the Court deems proper.

## COUNT III – UNJUST ENRICHMENT

40. Plaintiff incorporates paragraphs 1-30.

41. Defendants engaged in inequitable conduct when they agreed to pay $x but sent a prepaid debit card from which only a lesser sum can be obtained. As a result, they unjustly enriched themselves.

## CLASS ALLEGATIONS

42. Plaintiff brings this claim on behalf of a class, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(2) and (b)(3).

43. The class consists of (a) all providers (b) who were sent prepaid debit cards for which a fee is charged to deposit or use the cards (c) as payment for their claims by Defendants or their subsidiaries (d) on or after a date five years prior to the filing of this action.

44. Plaintiff may alter the class definitions to conform to developments in the case and discovery.

45. On information and belief, there are more than 100 members of the class, and the class is so numerous that joinder of all members is not practicable.

46. There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members. The predominant common question is whether Defendants have the right to remit payment via prepaid debit cards, for which a fee is charged to deposit or use the card, without paying the fee.

47. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

48. Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class action litigation.

49. A class action is superior for the fair and efficient adjudication of this matter, in that individual actions are not economically feasible.

WHEREFORE, the Court should enter judgment in favor of Plaintiff and the class and against Defendants for:

    i. A declaration that Defendants may not pay a debt by means of a prepaid debit card for which a fee is charged to deposit or use it, unless they also pay the amount of the fee;

    ii. An injunction against payment of debts by Defendant by means of a prepaid debit card for which a fee is charged to deposit or use it, unless they also pay the amount of the fee;

    iii. Restitutionary damages;

    iv. Costs of suit;

    v. Such other and further relief as the Court deems proper.

*/s/ Daniel A. Edelman*
Daniel A. Edelman

Daniel A. Edelman (ARDC 0712094)
Heather A. Kolbus (ARDC 6278239)
Madeline Brashear (ARDC 6343249)
**EDELMAN, COMBS, LATTURNER & GOODWIN, LLC**
20 South Clark Street, Suite 1800
Chicago, IL 60603-1841
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service: courtecl@edcombs.com
Dedelman@edcombs.com
hkolbus@edcombs.com
Mbrashear@edcombs.com

## JURY DEMAND

Plaintiff demands trial by jury.

></code>*/s/ Daniel A. Edelman*
Daniel A. Edelman